In my view, this case should be reversed in the same manner as the other Lance case argued the same day was reversed. See I. C. No. 152243, KAY FRANCES DAILEY, Employee, Plaintiff; v. LANCE, INC., Employer; LUMBERMEN'S MUTUAL CASUALTY INSURANCE COMPANY, Carrier; Defendants.
In that case, Chairman Bunn voted with me to reverse and Commissioner Sellers filed a dissent.
Here, as in the other case, the plaintiff felt she was not receiving proper treatment from the Company's physician, Dr. Stephen Naso. She willingly went to him when told to do so by the Company and she willingly cooperated with his treatment. It was only when she felt she was not improving that she sought treatment (albeit without prior Commission approval) from Dr. Robert McBride, Jr. Here, when plaintiff first saw Dr. Naso she complained "of left and right wrist pain which had existed for approximately three weeks". Finding of Fact No. 6 supra. Dr. Naso diagnosed DeQuervain's tendinitis in the right wrist and tendinitis in the left wrist. He operated on the right wrist and treated the left wrist conservatively. He returned her to regular duty work on November 5, 1991 and later rated her with 5% partial permanent impairment of the right wrist. She still hurt, and on 12 November 1991 upon seeing Dr. McBride, she was diagnosed with probable carpal tunnel syndrome in the left wrist and DeQuervain's tendinitis in the right wrist. Dr. McBride continued to treat her conservatively and ultimately concluded that he suffered bilateral carpal tunnel syndrome as a result of her repetitive work with Lance, which placed her at an increased risk of such condition than members of the public generally. He recommended surgery, which was not performed because Defendant refused to authorize it. He rated her with 10% partial permanent impairment of both the left wrist and right wrist.
The problem I see with these cases is that the Company doctor does not solve the problem and the injured worker has no recourse but to turn to another health provider. The goal, as I see it, is to return the worker to productive employment. In my view, returning to work a worker that is still suffering and is unable to work compounds the problem instead of solving it. I respectfully dissent from the majority opinion in this case and vote to reverse the Deputy Commissioner.
 S/ _____________________________ THOMAS J. BOLCH COMMISSIONER